SUMMONS ISSUED

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ OCT 17 2011 ★

BROOKLYN OFFICE

PAMELA JACOBS,

        Plaintiff,

    v.

NEW YORK CITY DEPARTMENT OF
EDUCATION,

        Defendant.

CV11 - 5058

**COMPLAINT**

JURY DEMAND

GARAUFIS, J.

LEVY, M.J.

### NATURE OF THE ACTION AND THE PARTIES

1. This is an action to redress unlawful employment practices pursuant to under Title I of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. §12101 et seq., the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. §290 et seq. and the New York City Human Rights Law, ("NYCHRL"), N.Y.C. Admin. Code §8 -101 et seq.

2. Plaintiff Pamela Jacobs ("Jacobs" or "Plaintiff") was employed as a School Nurse for her former employer, the New York City Department of Education ("DOE") at school located in Kings County, New York.

3. Jacobs has multiple sclerosis ("MS"); accordingly, she has a disability within the meaning of the ADA.

### JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331, 1343 and 1367(a).

1

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because all causes of action accrued in Kings County, New York.

## FACTS

6. Throughout Jacob's tenure with DOE, she has been subject to discriminatory remarks about her MS from her direct supervisor. In fact, her supervisor stated that she made a mistake in hiring Jacobs and she would not have hired her had she known that Jacobs had MS.

7. Throughout her tenure with DOE, her local school supervisors knew that she suffered from MS and they have from time-to-time made such remarks as to build a false trailing of someone suffering from a metal disability so as to disqualify her from further employment.

8. One such event occurred within the last year of Jacob's employment where she was ordered to report to the school's medical office for an unwarranted psychological evaluation.

9. On or about March 23, 2010, the employees of DOE began a series of complaints which amounted to a pretext to unlawfully remove Jacobs from her position.

10. On or about March 23, 2010, there were two written complaints by two students under the age of 12.

11. The writing by the students seems to infer during horseplay with a third student, Jacobs was pushed.

12. Jacobs then allegedly proceeded to yell at Student B and pushed Student A out of the way and to get to Student B and then proceed to strike Student B in the face.

13. The aforementioned reports by the students were submitted in their own handwriting on a form entitled "New York City Department of Education WRITTEN STATEMENT FORM" to Carolyn Davis, Assistant Principal.

2

14. Carolyn Davis, Assistant Principal, substantiated one allegation of corporal punishment and one allegation of verbal abuse against Jacobs.

15. On or about April 14, 2010, DOE, the employer accused Jacobs attempted to impede the investigation referenced in paragraph 6.

16. DOE's findings of all of the above alleged incidents were confirmed in an investigation by DOE's investigative unit.

17. On May 5, 2010, letter of reprimand to Jacobs signed by Davis again confirms the findings of her investigation and her conclusion of the allegations of corporal punishment and verbal abuse as discussed in the disciplinary meeting of held on April 14, 2010.

18. The rules of DOE require that an employee charges with a disciplinary infraction is to be served with a notice and opportunity to be heard.

19. Jacobs had no such opportunity because the employees of DOE wrongly saw this as an opportunity to terminate Jacobs without due process and because she is a disabled American.

20. On or about December 10, 2010, DOE terminated Jacobs under a pretext of interfering with an investigation although she was not given a notice and an opportunity to be heard as required under DOE's rule and her union contract.

## COUNT ONE
## The ADA

21. Jacobs repeats and realleges every allegation in paragraphs 1 through 20 of this Complaint with the same force and effect as though fully set forth herein.

22. At all relevant times, DOE was an "employer" within the meaning of the ADA, 42 U.S.C. §12101 et seq.

23. At all relevant times, Jacobs was an "employee" within the meaning of the ADA.

24. DOE's conduct, as alleged herein, constituted unlawful employment practices and unlawful discrimination in violation of the ADA.

25. DOE's conduct, as alleged herein, was carried out without regard for Jacobs's right to be free from disability discrimination as outlawed under the ADA.

26. DOE's conduct, as alleged herein, was retaliation because Jacobs exercised her rights and complained of unlawful discrimination and as a result thereof, DOE terminated her employment.

27. As a result DOE's unlawful conduct, Jacobs has suffered and continues to suffer, damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, embarrassment and humiliation with resulting monetary and other damages, including lost wages, lost benefits, lost pension and retirement earnings.


## COUNT TWO
## NYSHRL

28. Jacobs repeats and realleges every allegation in paragraphs 1 through 27 of this Complaint with the same force and effect as though fully set forth herein.

29. At all relevant times, Lauren was an "employer" within the meaning of the NYSHRL. N.Y. Exec. Law § 290 et seq.

30. At all relevant times, Jacobs was an "employee" within the meaning of the NYSHRL.

31. DOE's conduct, as alleged herein, constituted unlawful discriminatory practices and unlawful discrimination on the basis of disability in violation of the NYSHRL.

4

32.  As a result DOE's unlawful conduct, Jacobs has suffered and continues to suffer, damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, embarrassment and humiliation with resulting monetary and other damages, including lost wages, lost benefits, lost pension and retirement earnings.

## COUNT THREE
## NYCHRL

33.  Jacobs repeats and realleges every allegation in paragraphs 1 through 32 of this Complaint with the same force and effect as though fully set forth herein.

34.  At all relevant times, DOE was an "employer" within the meaning of the NYCHRL.

35.  At all relevant times, Jacobs was an "employee" within the meaning of the NYCHRL.

36.  DOE's conduct, as alleged herein, constituted unlawful discriminatory practices and unlawful discrimination on the basis of disability in violation of the NYCHRL.

37.  As a result of DOE's unlawful conduct, Jacobs has suffered and continues to suffer, damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, embarrassment and humiliation with resulting monetary and other damages, including lost wages, lost benefits, lost pension and retirement earnings.

## PRAYER FOR RELIEF

**WHEREFORE**, Jacobs requests judgment as follows:

(A) On Count One, enter a judgment declaring the acts and practices of DOE to be in violation of the ADA.

5

(B) On Count One, award Jacobs as against DOE, loss wages, including without limitation back pay, front pay, bonuses, benefits, pension and retirement earnings, and interest lost as a result of DOE's unlawful discrimination in accordance with the ADA and other supporting laws.

(C) On Count One, award Jacobs as against DOE, consequential damages for losses resulting from DOE's unlawful discrimination and unlawful harassment in accordance with the ADA and other supporting laws.

(D) On Count One, award Jacobs as against DOE, compensatory damages for, among other items, injury, impairment and damage to his good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, lasting embarrassment and humiliation, and other pecuniary and nonpecuniary losses, in accordance with the ADA and other supporting laws.

(E) On Count One, award Jacobs as against DOE the cost of this action, together with reasonable attorneys' fees, in accordance with the ADA and other supporting laws.

(F) On Count Two, enter a judgment declaring the acts and practices of DOE to be in violation of the NYSHRL.

(G) On Count Two, award Jacobs as against DOE,  loss wages, including without limitation back pay, front pay, bonuses, benefits, pension and retirement earnings, and interest lost as a result of DOE's unlawful discrimination, unlawful harassment, in accordance with the NYSHRL.

(H) On Count Two, award Jacobs as against DOE, consequential damages for losses resulting from DOE's unlawful discrimination in accordance with the NYSHRL.

6

(I) On Count Two, award Jacobs as against DOE, compensatory damages for, among other items, injury, impairment and damage to his good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, lasting embarrassment and humiliation, and other pecuniary and nonpecuniary losses, in accordance with the NYSHRL.

(J) On Count Two, award Jacobs as against DOE, the cost of this action together with attorneys' fees, in accordance with the NYSHRL.

(K) On Count Three, enter a judgment declaring the acts and practices of DOE to be in violation of the NYCHRL.

(L) On Count Three award Jacobs as against DOE, consequential damages for losses resulting from DOE's unlawful discrimination in accordance with the NYCHRL.

(M) On Count Three, award Jacobs as against DOE, compensatory damages for, among other items, injury, impairment and damage to his good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, lasting embarrassment and humiliation, and other pecuniary and nonpecuniary losses, in accordance with the NYCHRL.

(N) Grant Jacobs further relief as may be necessary and proper.


### JURY DEMAND

Jacobs demands a jury trial for all issues triable by jury.


Dated: New York, New York
October 14, 2011                    By: _____
                                         LOCKSLEY O. WADE, ESQ.
                                         LAW OFFICE OF
                                         LOCKSLEY O. WADE, LLC
                                         110 Wall Street, 11th Floor

New York, NY 10005
(212) 933-9180
(212) 933-9181 - Fax
*Attorney for Plaintiff*