# YUEN ROCCANOVA SELTZER P.C.
## Attorneys at Law

Joseph T. Roccanova
Steven Seltzer

Paul J. Sagar

*Of Counsel:*
Po W. Yuen
Veronica C. Yuen

11 Hanover Square
13th Floor
New York, N.Y. 10005
*Entrance at 76 Beaver Street*
Phone:   (212) 608-1178
Facsimile*: (212) 608-2913
*Facsimile not for service of process

Long Island Office
149 Main Street
Huntington, N.Y. 11743
Phone:   (631) 239-5297
Facsimile: (631) 421-4483

July 6, 2015

**Via ECF**

Hon. Margo K. Brodie
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn New York 11201

      Re:    **Pamela Jacobs v. New York City Department of Education**
              11-CV-5058

Your Honor:

      We recently have been retained to represent the Plaintiff in the above referenced case, where the Plaintiff alleges causes of action under the American with Disabilities Act. We respectfully request that the Court reopen discovery in this action.

      Plaintiff, who has represented herself pro se for a substantial portion of this litigation, has not had the benefit of taking any depositions. Despite the paucity of discovery exchanged thus far, Defendant has filed for summary judgment, and Plaintiff's opposition is due on July 10, 2015. Although Defendant courteously has agreed to extend Plaintiff's time to oppose summary judgment, it is not willing to reopen discovery. Plaintiff therefore respectfully requests that discovery be reopened to provide Plaintiff with sufficient time to depose the following four witnesses who possess information crucial to Plaintiff's case. First, Carolyn Davis, Assistant Principal of Public School 12, made findings of corporal punishment in violation of Chancellor's Regulation A-420 and of verbal abuse in violation of Chancellor's Regulation A-421 against Plaintiff. Second, Kara Hughes, Office of Special Investigations Confidential Investigator, issued a recommendation that Nyre Dixon, Principal of Public School 12, "take strong disciplinary action against Ms. Jacobs, including possible termination and placement on the ineligible list." Third, Carole A. Marchese, RN, MS and Director of Nursing, signed Plaintiff's termination letter. In addition, Plaintiff testified that Ms. Marchese told her that "multiple sclerosis is a debilitating disease and… [she] should not have been hired with multiple sclerosis." Finally, a parent of a student at Public School 12, filed a complaint concerning Plaintiff that Defendant cited as a basis for Plaintiff's termination. Plaintiff requires the testimony of these

witnesses to demonstrate that Defendant harbored discriminatory animus toward Plaintiff, and that its stated rationale for Plaintiff's termination is a pretext for discrimination.

Plaintiff respectfully suggests that a telephone conference between all counsel and the Court would be an efficient means of addressing this application.

Your Honor's most favorable consideration herein is greatly appreciated.

Respectfully Submitted,

Steven Seltzer
Paul J. Sagar

To: Joseph Anci, Assistant Corporation Counsel (Via ECF)
ZACHARY W. CARTER
Corporation Counsel for the City of New York
*Attorneys for Defendant*
100 Church Street, Room 2-123
New York, New York 10007