UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

PAMELA JACOBS,

                      Plaintiff,                NOT FOR PUBLICATION

                         v.                      **MEMORANDUM & ORDER**
                                                         11-CV-5058 (MKB) (RML)

NEW YORK CITY DEPARTMENT OF
EDUCATION,

                      Defendant.

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiff Pamela Jacobs brings the above-captioned action against Defendant the New York City Department of Education (the "DOE"), alleging employment discrimination and retaliation on the basis of disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq*. ("ADA"). Currently before the Court is the DOE's appeal of Magistrate Judge Robert M. Levy's July 17, 2015 Order granting Plaintiff's motion to reopen discovery. For the reasons set forth below, the Court affirms Judge Levy's Order.

**I. Background**

      Plaintiff, a former school nurse employed by the DOE who suffers from multiple sclerosis, alleges that she was subjected to discrimination and retaliation due to her disability. (Second Am. Compl. ("SAC") ¶¶ 1–6, Docket No. 19.) According to Plaintiff, two other DOE employees, Carolyn Davis, the Assistant Principal of the school where Plaintiff worked, and Carole A. Marchese, Plaintiff's supervisor, knew of Plaintiff's disability and took various adverse actions against her, including "engineer[ing] . . . false allegations" against Plaintiff for inflicting corporal punishment and verbal abuse on a student, which led to a hearing and formal

reprimand. (SAC ¶¶ 12–14, 19.) Plaintiff alleges she was terminated "without prior notice and opportunity to be heard." (SAC ¶ 21.)

### a. Plaintiff's motion to reopen discovery

Plaintiff was represented by counsel, Locksley O. Wade, from the commencement of this action through Judge Levy's certification of the close of discovery on January 29, 2014. (Jan. 29, 2014 Order.) On March 5, 2014, Wade moved to withdraw as counsel, and Judge Levy granted Wade's motion on March 31, 2014. (Ltr. Mot. to Withdraw, Docket No. 31; Mar. 31, 2014 Order.) Plaintiff took no depositions while represented by Wade. From April 1, 2014 through September 5, 2014, Plaintiff was without counsel until John Hermina was appointed as counsel for Plaintiff for the purposes of settlement negotiations. (Sept. 5, 2014 Notice of Appearance, Docket No. 36.) On January 5, 2015, Judge Levy granted Hermina's request to withdraw as counsel to Plaintiff. (Jan. 5, 2014 Order.)

Defendant served its motion for summary judgment on Plaintiff on April 30, 2015. (Ltr. Accomp. Def. Mot. for Summ. J., Docket No. 50.) On July 6, 2015, Plaintiff's newly retained counsel requested that the Court reopen discovery, in order to provide Plaintiff with time to depose four witnesses "who possess information crucial to Plaintiff's case." (Pl. Mot. for Extension of Disc. ("Pl. Disc. Mot."), Docket No. 58.) Plaintiff seeks to depose Davis, who made findings of corporal punishment and verbal abuse against Plaintiff; Marchese, who signed Plaintiff's termination letter and allegedly told Plaintiff she should not have been hired, given her multiple sclerosis diagnosis; Kara Hughes, Confidential Investigator of the Office of Special Investigations, who Plaintiff states recommended that the Principal at Plaintiff's school "take strong disciplinary action against [Plaintiff], including possible termination and placement on the ineligible list;" and a parent of a student at Plaintiff's school who filed a complaint, cited as a

2

basis for Plaintiff's ultimate termination. (*Id*.) Plaintiff explained that she "requires the testimony of these witnesses to demonstrate the Defendant harbored discriminatory animus toward Plaintiff, and that its stated rationale for Plaintiff's termination is a pretext for discrimination." (*Id*.)

On July 7, 2015, Defendant opposed Plaintiff's request to reopen discovery. (Def. Resp. to Pl. Disc. Mot., Docket No. 59.) Defendant argued that Plaintiff failed to demonstrate "good cause" because she knew the identities of at least two of the individuals she sought to depose since the commencement of discovery, discovery had been concluded over a year and five months prior, Plaintiff should be bound by the discovery conduct of her retained counsel, and the pending summary judgment motion was proper and "should not be disturbed." (*Id*. at 1–2.)

   b.  **Judge Levy's order**

On July 16, 2015, Judge Levy held a hearing and orally granted Plaintiff's motion. (July 17, 2015 Min. Entry (the "July 17, 2015 Order").) The hearing was not recorded, and on July 17, 2015, Judge Levy issued a Minute Entry stating that, "For the reasons explained at the hearing, the motion is granted." (*Id*.)

   c.  **Defendant's motion for reconsideration**

On September 10, 2015, Defendant moved for "reconsideration" of Judge Levy's July 17, 2015 Order pursuant to Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A). (Def. Mot. for Recons., Docket Entry No. 72.) Defendant argues that there is no basis in law or fact to grant Plaintiff's motion, and, in substance, appeals the July 17, 2015 Order on the basis that it is clearly erroneous. (*Id*. at 3; Def. Reply 1, Docket No. 73.) Defendant also argues that Plaintiff was represented for the nine-month duration of discovery and that Judge Levy should have denied Plaintiff's request to reopen discovery if "the failure to depose the four individuals

3

in a timely manner was the fault of her former attorney," because Plaintiff is bound by the conduct of her counsel. (Def. Mot. for Recons. 4.) Defendant further argues that Plaintiff has not made a showing of "any good cause" to reopen discovery other than "speculation" about Wade's conduct and states that failing to conduct the depositions "could have been a strategic decision" or "a financial decision" by Plaintiff. (*Id*. at 4.) Defendant further contends that disturbing the pending motion will prejudice Defendant because Plaintiff will have the benefit of Defendant's arguments to inform her depositions and the depositions may necessitate a rewrite of its summary judgment motion or Rule 56.1 statement. (*Id*. at 5–7.) Defendant additionally contends that it was "improper, and contrary to law," for Judge Levy to decide to reopen discovery due to "sympathy" for Plaintiff. (*Id*. at 6.)

### d. Plaintiff's response to the motion for reconsideration

Plaintiff contends that Judge Levy's decision to reopen discovery was a proper exercise of his discretion. (Pl. Resp. to Def. Mot. for Recons. 2, Docket No. 75.) Plaintiff argues that she demonstrated good cause to reopen discovery, and that Defendant has "never disputed that these depositions are not only relevant, but also vital, to Plaintiff's case." (*Id*.) Plaintiff also argues that there is no trial date set for this case and Plaintiff has been "either unrepresented or inadequately represented for much of this lawsuit." (*Id*.) Plaintiff questions Wade's "interest in zealously representing" her through the close of discovery, as he certified discovery as complete despite having conducted no depositions and requested to withdraw from the case within a month after the close of discovery. (*Id*. at 2–3.) Plaintiff further argues that it is relevant that Defendant has "sought — and received — deadline extensions at every stage of this litigation,"

noting that Defendant was granted extended time to answer Plaintiff's Complaint, to complete Plaintiff's deposition, and to serve its motion for summary judgment. (*Id*. at 3.)

## II. Discussion

### a. Standard of review

Under the Federal Magistrates Act, 28 U.S.C. § 636, and Rule 72 of the Federal Rules of Civil Procedure, "[a] magistrate judge is authorized 'to make findings as to non-dispositive pretrial matters, such as discovery matters, which may not be disturbed by a district judge absent a determination that such findings were clearly erroneous or contrary to law.'" *Ebo v. New York Methodist Hosp.*, No. 12-CV-4432, 2015 WL 4078550, at *4 (E.D.N.Y. July 6, 2015) (alteration in original) (quoting *McNamee v. Clemens*, No. 09-CV-1647, 2014 WL 1338720, at *2 (E.D.N.Y. Apr. 2, 2014) (citing 28 U.S.C. § 636(b)(1)); *see also Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007)). An order is clearly erroneous if, based on all the evidence, a reviewing court "is left with the definite and firm conviction that a mistake has been committed." *United States v. Murphy*, 703 F.3d 182, 188 (2d Cir. 2012); *Ebo*, 2015 WL 4078550, at *4. "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Ebo*, 2015 WL 4078550, at *4 (internal quotation marks and citation omitted). Under this highly deferential standard, magistrate judges are "afforded broad discretion in resolving discovery disputes, and reversal is appropriate only if that discretion is abused." *McNamee*, 2014 WL 1338720, at *2 (citing *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 524 (2d Cir. 1990) and *United States v. Dist. Council*, 782 F. Supp. 920, 922 (S.D.N.Y. 1992)). Therefore, "a party seeking to overturn a discovery order [by a magistrate judge] bears a heavy burden." *Bachayeva v. Americare Certified Special Servs.*, No. 12-CV-1466, 2013 WL 4495672, at *1 (E.D.N.Y. Aug. 20, 2013) (quoting *Garcia v. Benjamin Grp. Enter. Inc.*, 800 F.

5

Supp. 2d 399, 403 (E.D.N.Y. 2011)).

Despite the deferential review of a magistrate's decision to reopen discovery, in the absence of a record setting forth the basis for Judge Levy's decision to grant Plaintiff's motion, the Court must review Plaintiff's request to reopen discovery *de novo*. *See Caban v. Emp. Sec. Fund of the Elec. Prods. Indus. Pension Plan*, --- F. App'x ---, ---, 2015 WL 6684688, at *2 (2d Cir. Nov. 3, 2015) (explaining, for an ERISA appeal, that when reviewing a decision *de novo*, the appellate court "apply[ies] the same legal standard as the district court").

### b. *De novo* review of Judge Levy's decision

Rule 16(b) of the Federal Rules of Civil Procedure provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). A party seeking to reopen discovery bears the burden of establishing good cause. *Spencer v. Int'l Shoppes, Inc.*, No. 06-CV-2637, 2011 WL 3625582, at *1 (E.D.N.Y. Aug. 16, 2011) (citing *Trebor Sportswear Co., Inc. v. The Limited Stores, Inc.*, 865 F.2d 506, 511 (2d Cir. 1989)). The Second Circuit has held that the trial court "may properly deny further discovery" where there has been "a fully adequate opportunity for discovery" and may consider whether additional discovery would produce dispositive evidence. *Trebor Sportswear*, 865 F.2d at 511–12 (affirming the denial of a request to reopen discovery by the nonmoving party on a motion for summary judgment due to adequate discovery time and the failure to offer a "persuasive basis . . . to conclude that further discovery would yield proof" that would change the outcome of the case); *see also Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.*, 769 F.2d 919, 925–27 (2d Cir. 1985) (denying further discovery because the party had "ample time in which to pursue the discovery" and "whatever discovery went undone . . . was in any event inconsequential"); *Wingates, LLC v. Commonwealth Ins. Co. of Am.*, 21 F. Supp. 3d 206, 215

(E.D.N.Y. 2014) (denying a request to reopen discovery made on the basis of counsel's scheduling conflicts during discovery, four months after service of a motion for summary judgment), *aff'd*, --- F. App'x ---, 2015 WL 5692303 (2d Cir. Sept. 29, 2015).

Several district courts have applied the following six-part test to analyze a request to reopen discovery:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*See, e.g.*, *Fed. Ins. Co. v. Mertz*, No. 12-CV-1597, 2015 WL 5769945, at *6–7 (S.D.N.Y. Sept. 29, 2015) (upholding the determination by a magistrate judge that good cause to reopen discovery had not been shown, by applying these factors); *Spencer*, 2011 WL 3625582 at *1–2 (determining that good cause had been shown to reopen discovery, by applying these factors); *Pharmacy, Inc. v. Am. Pharm. Partners, Inc.*, No. 05-CV–776, 2008 WL 441526 (E.D.N.Y. Sept. 24, 2008) (explaining that "[a]pplication of this test is helpful here and is consistent with the case law within this Circuit" and citing cases by the First, Third, Seventh and Tenth Circuit Courts of Appeals that analyze these factors to determine whether good cause exists to reopen discovery (citations omitted)).

The Court considers these six factors in determining whether Plaintiff has met her burden to demonstrate good cause to reopen discovery. First, a trial is not imminent. Defendant has served a motion for summary judgment, which Plaintiff has yet to respond to, pending the resolution of her request to reopen discovery. This factor weighs in favor of reopening discovery. Second, Defendant opposed the request to reopen discovery before Judge Levy, and

now appeals Judge Levy's decision to grant Plaintiff's request. This factor therefore weighs against reopening discovery.

Third, as to prejudice, Defendant argues that Plaintiff will benefit from conducting depositions with knowledge of Defendant's arguments in its summary judgment motion or Rule 56.1 statement and that it will be burdened by the costs of altering its summary judgment motion in response to the depositions. It is not apparent from the record that Defendant has made arguments at summary judgment that are outside predictable issues that Plaintiff would have raised had these depositions been conducted during discovery. Plaintiff states that these four witnesses will be questioned regarding knowledge of various events connected to her termination, which is the subject of her complaint. The deposition of predictable fact witnesses is not so prejudicial to bar the reopening of discovery. *See, e.g., Scott v. City of New York Dep't of Corr.*, No. 04-CV-9638, 2007 WL 4178405, at *8 (S.D.N.Y. Nov. 26, 2007) (permitting after the close of discovery "as a matter of discretion" seven previously noticed depositions, and explaining it is a "small burden to allow these depositions to take place" given defendants' earlier preparation). Ultimately, Defendant may bear a cost from having to edit its summary judgment motion or Rule 56.1 statement after the depositions. While this factor weighs against reopening discovery, such prejudice does not preclude a finding of good cause.

Fourth, the record shows that Plaintiff's counsel, who represented her through the end of discovery, failed to take any depositions. While Plaintiff waited a year and five months to request a new opportunity to conduct these depositions, she has been unrepresented or represented for the limited purpose of settlement discussions for the duration of that delay. As Defendant correctly notes, as with "all litigants," Plaintiff is "bound by the concessions of freely retained counsel," including tactical discovery decisions. *Jackson v. Fed. Express*, 766 F.3d 189,

198 (2d Cir. 2014) (quoting *Bergerson v. N.Y. State Office of Mental Health*, 652 F.3d 277, 289 (2d Cir. 2011)); *see also Scott v. N.Y.C. Dep't of Corr.*, 445 F. App'x 389, 391 (2d Cir. 2011) ("[T]he magistrate judge did not abuse his discretion in concluding that the apparent negligence of Scott's former attorney was not sufficient to establish 'good cause' for amending the scheduling order under Fed. R. Civ. P. 16(b)."); *Gotlin v. Lederman*, No. 04-CV-3736, 2007 WL 1429431, at *2 (E.D.N.Y. May 7, 2007) (explaining that "absent a sufficient justification for the movant's delay, the Court should decline to grant an application to reopen discovery), *report and recommendation adopted*, No. 04-CV-3736, 2007 WL 2088875 (E.D.N.Y. July 19, 2007). In *Jackson*, the Second Circuit found that the district court did not abuse its discretion in denying a request to reopen discovery by a pro se litigant, who disagreed with the conduct of discovery by her earlier retained counsel. *Jackson*, 766 F.3d at 198. The Second Circuit explained that the district court appropriately considered both the delay since the close of discovery and the fact that the motion was "futile," as the opposing party represented that it did not have the materials sought through reopened discovery. *Id*. at 198–99.

Defendant appears to argue that the holding in *Jackson* prevents a district court from reopening discovery where there has been a delay as of the close of discovery and the request to reopen discovery cites a deficiency in the quality of representation. The Court disagrees. While the "negligence of [a] former attorney" may not alone be "sufficient" to demonstrate good cause, the Second Circuit has not articulated that such facts diminish the Court's discretion to excuse a failure to conduct depositions or to find that the presence of other evidence nevertheless satisfies the movant's burden to demonstrate good cause to reopen discovery. *Scott*, 445 F. App'x at 391. The decisions of Plaintiff's first counsel not to depose even the two witnesses accused of misconduct in the SAC, (SAC ¶¶ 5–6, 9–23) — including Davis, also personally identified in

9

Plaintiff's original Complaint, (Compl. ¶¶ 13–14, 17, Docket Entry No. 1) — and to seek immediate withdrawal from the case after informing the Court that discovery was complete do not, as Defendant argues, suggest a strategic choice by counsel, but rather a lack of effort or interest in zealously representing his client.  Plaintiff was thereafter unrepresented, except for the purposes of settlement, and did attempt to settle the proceeding.  Only a month after obtaining new counsel, Plaintiff moved to reopen discovery for the opportunity to take a discrete set of depositions.  Plaintiff was diligent, but for her first attorney's lack of zealous advocacy or interest in pursuing her claims.  This factor weighs slightly in favor of reopening discovery.

Fifth, when Plaintiff's prior counsel certified to the Court that discovery was complete, he had conducted no depositions.  Defendant now argues that Plaintiff's request should be denied because she was aware of the individuals she seeks to depose and their relevance to proving her claims.  In view of the fact that Plaintiff's counsel withdrew from representation immediately after the close of discovery without conducting depositions of the witnesses with relevant information necessary for Plaintiff to prove her case, it was predictable that with new representation Plaintiff might seek additional time to conduct this basic discovery.  This factor weighs in favor of reopening discovery.

Sixth, it is uncontested that the requested discovery will produce relevant evidence.  Plaintiff has articulated the connection of these four depositions to her termination, the crux of her discrimination and retaliation claims, and Defendant does not argue that these witnesses do not have relevant knowledge or that the requested discovery will be "futile."  *Jackson*, 766 F.3d at 199.  It appears clear that this limited discovery will generate evidence relevant, and arguably necessary, to Plaintiff's ability to prove her claims.  Moreover, Defendant acknowledges the value of these depositions to Plaintiff's case by arguing that the testimony of these individuals is

so integral to Plaintiff's ability to prove her claims that the necessity of conducting them should have been clear to Plaintiff from the start of discovery. Thus, this limited discovery will not be a futile exercise. This factor weighs most strongly in favor of reopening discovery.

Taken as a whole, the Court finds that, despite the delay in seeking to reopen discovery and the potential for some prejudice to Defendant, Plaintiff has demonstrated good cause to reopen discovery so that she may depose the four identified fact witnesses.

### III. Conclusion

For the foregoing reasons, having reviewed the appeal *de novo*, the Court determines that Judge Levy did not err in granting Plaintiff's request to reopen discovery.

SO ORDERED:

\_\_\_\_\_s/ MKB_____
MARGO K. BRODIE
United States District Judge

Dated: November 24, 2015
      Brooklyn, New York